UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| IN RE VISTEON CORP. ERISA LITIGATION | Case No.  05-71205 (AC) (DAS) |
| | Judge Avern Cohn |
| | <u>Class Action</u> |

### CLASS COUNSEL'S MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND AWARD OF COMPENSATION TO CLASS REPRESENTATIVES

1.      Named Plaintiff and Class Representatives David Maran and Onie Moore, through their Counsel, in compliance with the Court's Findings and Order Preliminarily Certifying Settlement Class, Granting Preliminary Settlement Approval, Approving Form and Method of Notice, and Setting a Date and Time for Fairness Hearing on Final Approval ("Preliminary Approval Order"), Rule 23 of the Federal Rules of Civil Procedure, and the requirements of due process, request that the Court enter an Order:

a.      Awarding attorneys' fees to Class Counsel in the amount of 28% of the Settlement Fund recovered for the benefit of the Settlement Class;

b.      Reimbursing Plaintiffs' Counsel $72,344.29 in expenses advanced to the Class as reasonable and necessary expenses of litigation;

c.      Awarding Class Representatives David Maran and Onie Moore $5,000 each to in recognition of the time and effort they have invested as Class Representatives for the benefit of the Settlement Class; and

d.      Directing that the awards of attorneys' fees, costs and expenses shall be allocated among Plaintiffs' counsel as such counsel mutually agree for their respective contributions in the prosecution of the Action.

2.      Through the efforts of Plaintiffs' Counsel and the Settlement Class Representatives, Plaintiffs achieved an excellent result for the Class that includes a $7,600,000 payment (plus interest) benefiting all participants in the Visteon Investment Plan (the "Salaried Plan") and the Visteon 401(k) Savings Plan (the "Hourly Plan") (collectively, the "Plans").

3.      Each of these requests is fully supported by the record and controlling Sixth Circuit authority regarding compensation of counsel and class representatives in class action cases of this type and magnitude.

4.      The grounds for granting this motion are more fully set out in Named Plaintiffs' supporting memorandum, which is filed herewith.  In summary, the requested fee award is fair and reasonable based upon: (1) the value of the benefit rendered to the Settlement Class; (2) the value of the services on an hourly basis; (3) the fact that the services were undertaken on a contingent fee basis; (4) society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others; (5) the complexity of the litigation; and (6) the professional skill and standing of counsel involved on both sides.  In addition, the expenses for which Class Counsel seek reimbursement from the common fund created by the Settlement were reasonably incurred for the benefit of the Settlement Class in prosecuting the Class's claims and in obtaining the Settlement, including expenses incurred in connection with experts and consultants, travel and other litigation-related expenses.  Furthermore, the Class Representatives should be awarded compensation for the time and effort they have invested for the benefit of the Class, including providing information to their Counsel, reviewing and approving pleadings, and participating in settlement discussions.

WHEREFORE, Class Counsel respectfully request that this Court award Plaintiffs' Counsel attorneys' fees, reimburse Plaintiffs' Counsel for expenses, and award the Class Representatives compensation in the amounts requested.

A proposed form of Order and Final Judgment, in substantially the same form as submitted with the Preliminary Approval Motion, and which provides for final approval of the

Settlement, Plan of Allocation, and request for attorneys' fees, reimbursement of expenses and award of compensation to Named Plaintiffs/Class Representatives, is submitted herewith.

Respectfully submitted this 27th day of February, 2007.

KELLER ROHRBACK L.L.P.

By:  s/ Lynn Lincoln Sarko
Lynn Lincoln Sarko
Elizabeth A. Leland
Erin M. Riley
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
(206) 623-1900
lsarko@kellerrohrback.com
bleland@kellerrohrback.com
eriley@kellerrohrback.com

**Lead Class Counsel for Plaintiffs**

Joseph Meltzer
Gerald D. Wells, III
SCHIFFRIN BARROWAY TOPAZ
  & KESSLER, LLP
280 King of Prussia Road
Radnor, PA  19087
(610) 667-7706
jmeltzer@sbtklaw.com
gwells@sbtklaw.com

Michael Lieder
Mark Amadeo
SPRENGER & LANG, PLLC
1400 Eye Street,  N.W. Suite 500
Washington, DC 20005
(202) 265-8010
mlieder@sprengerlang.com
mamadeo@sprengerlang.com

**Plaintiffs' Executive Committee Counsel**

Stephen Wasinger
STEPHEN F. WASINGER PLC
32121 Woodward Avenue, Suite 300
Royal Oak, Michigan 48073
(248) 544-6306
sfw@sfwlaw.com
Michigan Bar No. (P-25963)

**Plaintiffs' Liaison Counsel**

### CERTIFICATE OF SERVICE

I, Cathy A. Hopkins, hereby certify that a true and correct copy of the foregoing **CLASS COUNSEL'S MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND AWARD OF COMPENSATION TO CLASS REPRESENTATIVES and MEMORANDUM IN SUPPORT THEREOF** are being served this date upon all involved parties by sending a copy of the same to all counsel listed on the attached service by electronic notification or first-class mail, postage pre-paid.

Dated: February 27, 2007.

By: _____
Cathy A. Hopkins, Legal Assistant
Keller Rohrback L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
(206) 623-1900
Fax: (206) 623-3384
chopkins@kellerrohrback.com

**Electronic Notification**

| | |
|---|---|
| Jenice C. Mitchell (P61511) <br> John R. Trentacosta (P31856) <br> Scott T. Seabolt <br> **FOLEY & LARDNER LLP** <br> One Detroit Center <br> 500 Woodward Avenue, Suite 2700 <br> Detroit, MI 48226-3489 <br> jmitchell@foley.com <br><br> **Counsel for Non-Committee Defendants Visteon Corp., Marla Gottschalk, Steven K. Hamp, Kathleen T. Hempel, Thomas Stallkamp, Robert M. Teeter, Kenneth R. Woodrow, Peter Pestillo, Michael F. Johnston, Robert H. Jenkins, Charles L. Schaffer, Daniel Coulson, William H. Gray III, Karl Krapek, Patricia L. Higgin, James D. Thornton, and Anjan Chatterjee** | John F. Hartmann <br> Michael A. Duffy <br> **KIRKLAND & ELLIS, LLP** <br> 200 East Randolph Drive <br> Chicago, IL 60601 <br> maduffy@kirkland.com <br><br> **Counsel for Non-Committee Defendants Visteon Corp., Marla Gottschalk, Steven K. Hamp, Kathleen T. Hempel, Thomas Stallkamp, Robert M. Teeter, Kenneth R. Woodrow, Peter Pestillo, Michael F. Johnston, Robert H. Jenkins, Charles L. Schaffer, Daniel Coulson, William H. Gray III, Karl Krapek, Patricia L. Higgin, James D. Thornton, and Anjan Chatterjee** |

**Via U.S. MAIL**

| | |
|---|---|
| Paul J. Ondrasik, Jr.<br>**STEPTOE & JOHNSON LLP**<br>1330 Connecticut Avenue NW<br>Washington, D.C. 20036<br><br>**Liaison Counsel For Committee, Defendants: John Cavanaugh, David Doster, Derek Fiebig, John F. Kill, Peter Look, Robert H. Marcin, David Peace, Barbara Quilty, Darren Wells and Mary Winston** | Lawrence F. Campbell<br>Thomas G. McNeil<br>**DICKINSON WRIGHT PLLC**<br>One Detroit Center<br>500 Woodward Avenue, Suite 4000<br>Detroit, MI 48226<br><br>**Local Counsel for Committee Defendants: John Cavanaugh, David Doster, Derek Fiebig, John F. Kill, Peter Look, Robert H. Marcin, David Peace, Barbara Quilty, Darren Wells and Mary Winston** |
| Ed Kwiecinski<br>12500 Tech Drive<br>Livonia, MY 48150 | |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____ )
                                 )
IN RE VISTEON CORP. ERISA LITIGATION )     Case No.  05-71205 (AC) (DAS)
                                 )
_____ )

## CLASS COUNSEL'S MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND AWARD OF COMPENSATION TO CLASS REPRESENTATIVES

**TABLE OF CONTENTS**

I. INTRODUCTION ...................................................................................................1

II. REQUEST FOR ATTORNEYS' FEES..................................................................2

    A.     The Legal Standard Governing Awards of Attorneys' Fees....................2

    B.     Counsel's Fee Award Should be Based on the Percentage of the
          Common Fund .........................................................................................3

    C.     The Fee Requested by Class Counsel is Within the Range
          Considered Reasonable and Fair in the Sixth Circuit .............................4

    D.     The Requested 28 Percent Fee Award is Fair and Reasonable
          Under the Sixth Circuit *Bowling* Factors .............................................5

        1.     Factor One - The Value of the Benefit Rendered to the
            Plaintiff Class ...............................................................................5

        2.     Factor Two - The Value of the Services on an Hourly Basis ......7

            a.     Investigation, Preparation and Filing of the
                Consolidated Complaint......................................................8

            b.     Litigation of Defendants' Motions to Dismiss...................8

            c.     Class Counsel Engaged in Extensive Mediation and
                 Settlement Negotiations .....................................................9

            d.     Counsel's Lodestar Supports Their 28% Fee
                 Request...............................................................................10

        3.     Factor Three - Whether the Services Were Undertaken on a
             Contingent Fee Basis ..................................................................12

        4.     Factor Four - Society's Stake in Rewarding Attorneys Who
             Produce Such Benefits in Order to Maintain an Incentive to
             Others...........................................................................................13

        5.     Factor Five - The Complexity of the Litigation........................13

        6.     Factor Six - The Professional Skill and Standing of Counsel
            Involved on Both Sides................................................................15

III. REQUEST FOR REIMBURSEMENT OF EXPENSES.......................................17

IV. REQUEST FOR CLASS REPRESENTATIVE COMPENSATION .....................18

V. CONCLUSION ...................................................................................................19

i

# **TABLE OF AUTHORITIES**

**Cases**

*Berger v. Xerox Corp. Ret. Income Guar. Plan*, No. 00-584, 2004 U.S. Dist. LEXIS 1819 (S.D. Ill. Jan. 22, 2004) ................................................................................. 18

*Blum v. Stenson*, 465 U.S. 886 (1984) ................................................................................. 12

*Boeing Co. v. Van Gemert,* 444 U.S. 472 (1980) ................................................................. 2

*Bowling v. Pfizer, Inc.,* 102 F.3d 777 (6th Cir. 1996) ................................................. passim

*Brotherton v. Cleveland*, 141 F. Supp. 2d 907 (D. Ohio 2001) ......................................... 18

*Cook v. Niedert*, 142 F.3d 1004 (7th Cir. 1998) ................................................................ 18

*Dornberger v. Metro. Life Ins. Co.*, 203 F.R.D. 118 (S.D.N.Y. 2001) .............................. 19

*Enter. Energy Corp. v. Columbia Gas Transmission Corp.*, 137 F.R.D. 240 (S.D. Ohio 1991) ................................................................................................................ 11, 18

*Fournier v. PFS Invs., Inc.*, 997 F. Supp. 828 (E.D. Mich. 1997) ....................................... 4

*Gaskill v. Gordon*, 160 F.3d 361 (7th Cir. 1998) ............................................................... 12

*Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204 (2002) ............................. 14

*In re Cardizem CD Antitrust Litig.,* 218 F.R.D. 508 (E.D. Mich. 2003) ........................ passim

*In re Cenco, Inc. Sec. Litig.*, 519 F. Supp. 322 (N.D. Ill. 1981) ....................................... 11

*In re CMS Energy ERISA Litig.*, No. 02-72834, 2006 U.S. Dist. LEXIS 55836 (E.D. Mich. June 27, 2006) ................................................................................................. 4, 18

*In re Cont'l Ill. Sec. Litig.*, 962 F.2d 566 (7th Cir. 1992) ................................................. 12

*In re Dun & Bradstreet Credit Servs. Customer Litig.,* 130 F.R.D. 366 (S.D. Ohio 1990) ............................................................................................................................ 18

*In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, 228 F.R.D. 541 (S.D. Tex. 2005) ............................................................................................................................ 13

*In re F&M Distribs. Inc. Sec. Litig.*, No. 95-71778, 1999 U.S. Dist. LEXIS 11090 (E.D. Mich. June 29, 1999) ....................................................................................... passim

*In re Global Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436 (S.D.N.Y. 2004) .................. 13

*In re HealthSouth Corp. ERISA Litig.*, No. 03-1700, 2006 U.S. Dist. LEXIS 50196 (N.D. Ala. June 28, 2006) ........................................................................................... 18

*In re Ikon Office Solutions Sec. Litig.*, 209 F.R.D. 94 (E.D. Pa. 2002) ............................. 14

ii

*In re Rio Hair Naturalizer Prods. Liab. Litig.*, MDL No. 1055, 1996 U.S. Dist. LEXIS 20440 (E.D. Mich. Dec. 20, 1996) .......................................................... 4

*In re Telectronics Pacing Sys., Inc.*, 137 F. Supp. 2d 1029 (S.D. Ohio 2001) ........................ 4, 10

*Keach v. U.S. Trust Co.*, 313 F. Supp. 2d 818 (C.D. Ill. 2004) .................................................... 14

*Kogan v. AIMCO Fox Chase, L.P.,* 193 F.R.D. 496 (E.D. Mich. 2000) ................................. 4, 15

*Landgraff v. Columbia/HCA Healthcare Corp. of Am.*, No. 98-90, 2000 U.S. Dist. LEXIS 21831 (M.D. Tenn. May 24, 2000) ............................................................ 14

*Manners v. Am. Gen. Life Ins. Co.*, No. 98-266, 1999 U.S. Dist. LEXIS 22880 (M.D. Tenn. Aug. 11, 1999) ............................................................................................... 10

*New England Health Care Employees Pension Fund v. Fruit of the Loom, Inc.,* 234 F.R.D. 627 (W.D. Ky. 2006) .............................................................................. 7

*Rankin v. Rots*, No. 02-71045, 2006 WL 1791377 (E.D. Mich. June 27, 2006) ................. passim

*Rawlings v. Prudential-Bache Props., Inc.,* 9 F.3d 513 (6th Cir. 1993)............................... 2, 3, 10

*Rebenstock v. Fruehauf Trailer Corp.,* No. 92-77050, 1995 U.S. Dist. LEXIS 22089 (E.D. Mich. Aug. 18, 1995) ..................................................................................... 5

*Smillie v. Park Chem. Co.*, 710 F.2d 271 (6th Cir. 1983)................................................................ 5

*Thornton v. East Tex. Motor Freight*, 497 F.2d 416 (6th Cir. 1974)........................................... 18

*Trustees v. Greenough*, 105 U.S. 527 (1882) .............................................................................. 17

**Statutes**

ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3) .................................................................................. 14

**Rules**

Fed. R. Civ. P. 12(b)(1)................................................................................................................ 8, 9

Fed. R. Civ. P. 12(b)(6)................................................................................................................ 8, 9

**Other Authorities**

1 Alba Conte, *Attorney Fee Award* § 2.19 (2d ed. 1993)............................................................. 17

Herbert Newberg and Alba Conte, Newberg on Class Actions § 12.55 (3d ed. 1992) ............... 10

Stuart J. Logan, Dr. Jack Moshman, Beverly C. Moore, Jr., *Attorney Fee Awards In Common Fund Class Actions*, 24 CLASS ACTION REP. 167 (2003) ................................. 11

## STATEMENT OF ISSUES PRESENTED

1.      Whether in this complex and hard-fought class action, the Court should award Plaintiffs' Counsel combined attorneys' fee in the amount of 28 % of the cash Settlement Fund recovered for the benefit of the Class.

2.      Whether the Court should reimburse Plaintiffs' Counsel $72,344.29 in expenses advanced to the Class as reasonable and necessary expenses of litigation.

3.      Whether the Court should award Named Plaintiffs/Class Representatives David Maran and Onie Moore $5,000 each in recognition of the time and effort they have invested as Class Representatives for the benefit of the Class.

## STATEMENT OF MOST APPROPRIATE
## AUTHORITY FOR RELIEF SOUGHT

Pursuant to Local Rule 7.1(c)(2), the Named Plaintiffs/Class Representatives list the following cases as the most appropriate authorities for the relief sought in their motion:

- *Bowling v. Pfizer, Inc.,* 102 F.3d 777 (6th Cir. 1996)

- *Rankin v. Rots*, No. 02-71045, 2006 WL 1791377 (E.D. Mich. June 27, 2006) (*"Kmart"*)

- *In re Cardizem CD Antitrust Litig.,* 218 F.R.D. 508 (E.D. Mich. 2003)

- *In re CMS Energy ERISA Litig.*, No. 02-72834, 2006 U.S. Dist. LEXIS 55836 (E.D. Mich. June 27, 2006)

- *In re F&M Distribs., Inc. Sec. Litig.*, No. 95-71778, 1999 U.S. Dist. LEXIS 11090 (E.D. Mich. June 29, 1999)

- *Rawlings v. Prudential-Bache Props., Inc.,* 9 F.3d 513 (6th Cir. 1993)

## I.  INTRODUCTION

Through the efforts of Plaintiffs' Counsel and the Settlement Class Representatives (also referred to as the "Named Plaintiffs") achieved an excellent result for the Settlement Class (also referred to as the "Class")–a $7.6 million payment, plus interest, benefiting all participants in the Visteon Investment Plan (the "Salaried Plan") and the Visteon 401(k) Savings Plan (the "Hourly Plan") (collectively, the "Plans").[1]  In light of the successful results achieved in this hard-fought class action, Class Counsel respectfully request that:

- Class Counsel be paid a contingent fee of 28% of the Settlement Fund, to be distributed among Plaintiffs' Counsel;
- Plaintiffs' Counsel be reimbursed out-of-pocket litigation expenses totaling $72,344.29;
- Class Representatives and Named Plaintiffs David Maran and Onie Moore be awarded $5,000 each for their substantial services to the *Class*; and
- The awards of attorneys' fees, costs and expenses be allocated among Plaintiffs' Counsel as such counsel mutually agree for their respective contributions in the prosecution of the Action.

Class Counsel are **not** seeking compensation for anticipated future work to implement the Plan of Allocation and to oversee the distribution of the Settlement Fund.

As discussed below in detail, each of these requests is fully supported by the record and controlling Sixth Circuit authority regarding compensation of counsel and class representatives

---

[1] Capitalized terms that are not otherwise defined have the meaning given them in the Settlement Agreement, which was filed on November 22, 2006, as Exhibit 1 to Plaintiffs' Memorandum in Support of Motion for Order Preliminarily Certifying Settlement Class, Granting Preliminary Settlement Approval, Approving Form and Method of Notice, and Setting a Date and Time for Fairness Hearing on Final Approval (D.I. 46) ("Preliminary Approval Memorandum").  For convenience, a copy of the Settlement Agreement is also attached as Exhibit A to the Declaration of Lynn Sarko in Support of (1) Motion for Final Approval of ERISA Class Action Settlement; (2) Class Counsel's Motion for Award of Attorneys' Fees, Reimbursement of Expenses and Award of Compensation to Class Representatives; and (3) Motion for Approval of Plan of Allocation ("Sarko Decl.").

in class action cases of this type and magnitude.  Accordingly, Class Counsel's request for attorneys' fees, reimbursement of expenses, and Class Representative compensation should be granted.

## II.  REQUEST FOR ATTORNEYS' FEES

**A.     The Legal Standard Governing Awards of Attorneys' Fees**

As a result of the preliminary approval process, the Court is well informed of the details of the Settlement.  In relevant part, the proposed Settlement creates a common fund for the benefit of the Class of $7.6 million in cash, plus interest.

Enormous time and effort were devoted to this case.  The efforts of Plaintiffs' Counsel, as described below, were intensive, carefully coordinated, and efficient.  Defendants, who were represented by several well-respected law firms, including, among others, Steptoe & Johnson LLP, and Kirkland & Ellis, LLP, had as many, if not more resources as Plaintiffs at their disposal to devote to litigation of this case.  In addition, the fiduciary insurance carriers were represented by separate counsel who were similarly qualified.

It is well established that "a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole." *Boeing Co. v. Van Gemert,* 444 U.S. 472, 478 (1980); *accord, Rankin v. Rots*, No. 02-71045, 2006 WL 1791377, at *1 (E.D. Mich. June 27, 2006) (*"Kmart"*).  Indeed, "[a]bsent adequate compensation, counsel will not be willing to undertake the risk of common fund class action litigation." *Kmart*, 2006 WL 1791377, at *1.  It is within the district court's discretion to determine the "appropriate method for calculating attorney's fees in light of the unique characteristics of class actions in general, and of the unique circumstances of the actual cases before [it]." *Rawlings v. Prudential-Bache Props., Inc.,* 9 F.3d 513, 516 (6th Cir. 1993).  Trial

courts within the Sixth Circuit may choose either (1) a percentage of the fund calculation, or (2) a lodestar/multiplier approach.  *Id.* at 516-17.  The overriding requirement is that the award "be reasonable under the circumstances."  *Id.* at 516; *see also, Bowling v. Pfizer, Inc.,* 102 F.3d 777, 779 (6th Cir. 1996).

**B.      Counsel's Fee Award Should be Based on the Percentage of the Common Fund**

In *Rawlings*, the Sixth Circuit observed that the recent trend has been towards application of a percentage-of-the-fund method in common fund cases. *Rawlings,* 9 F.3d at 516-17; *In re Cardizem CD Antitrust Litig.,* 218 F.R.D. 508, 532 (E.D. Mich. 2003) ("[C]ourts in the Sixth Circuit have indicated their preference for the percentage-of-the-fund method in common fund cases.").  In *Cardizem*, the district court observed that:

> The lodestar method should arguably be avoided in situations where such a common fund exists because it does not adequately acknowledge (1) the result achieved or (2) the special skill of the attorney(s) in obtaining that result. Courts and commentators have been skeptical of applying the formula in common fund cases . . . Many courts have strayed from using lodestar in common fund cases and moved towards the percentage of the fund method which allows for a more accurate approximation of a reasonable award for fees.

*Cardizem,* 218 F.R.D. at 532 (internal quotes and citations omitted).  Similarly, the district court in *In re F&M Distribs. Inc. Sec. Litig.*, No. 95-71778, 1999 U.S. Dist. LEXIS 11090 (E.D. Mich. June 29, 1999), stated that (1) "the lodestar method is too cumbersome and time-consuming of the resources of the Court"; and (2) "more importantly, the 'percentage of the fund' approach more accurately reflects the result achieved." *Id.* at *8 (internal quotes and citations omitted).  As this Court has recognized, in ERISA breach of fiduciary duty actions, the percentage of the fund method is the preferred method for an award of attorneys' fees.  *Kmart*, 2006 WL 1791377, at *2.

Because the courts in the Sixth Circuit have expressed a preference for the "percentage-of-the-fund" method in common fund cases such as this one, Class Counsel request a fee based on this method.

**C.    The Fee Requested by Class Counsel is Within the Range Considered Reasonable and Fair in the Sixth Circuit**

The Notice of Class Action Settlement (the "Class Notice" or "Notice") informs the Class that Class Counsel may seek fees up to 28% of the Settlement Amount plus reimbursement of expenses incurred in connection with the litigation of this Action.  *See* Class Notice at ¶ 12, Ex. 2 to the Preliminary Approval Memorandum.  This request is well within the range approved and adopted by district courts in the Sixth Circuit.  *Kmart*, 2006 WL 1791377, at *2 (collecting cases); *In re CMS Energy ERISA Litig.*, No. 02-72834, 2006 U.S. Dist. LEXIS 55836, at *10 (E.D. Mich. June 27, 2006) (awarding class counsel's requested fee of 28.5% of the cash settlement fund, plus interest); *In re Telectronics Pacing Sys., Inc.*, 137 F. Supp. 2d 1029, 1046 (S.D. Ohio 2001) ("the range of reasonableness . . . has been designated as between twenty to fifty percent of the common fund"); *Kogan v. AIMCO Fox Chase, L.P.,* 193 F.R.D. 496, 505 (E.D. Mich. 2000) (awarding 31% of settlement fund for attorney fees to class counsel on claims resulting from improper sale of property); *F&M Distribs.,* 1999 U.S. Dist. LEXIS 11090, at * 8-9 (awarding 30% of the settlement fund after observing that "[w]hen using a percentage-of-the-fund approach to calculate attorneys' fees, twenty-five percent has traditionally been the benchmark standard, 'with the ordinary range for attorney's fees between 20-30%'") (quoting *Fournier v. PFS Invs., Inc.*, 997 F. Supp. 828, 832 (E.D. Mich. 1997)); *In re Rio Hair Naturalizer Prods. Liab. Litig.*, MDL No. 1055, 1996 U.S. Dist. LEXIS 20440, at *50 (E.D. Mich. Dec. 20, 1996) (fee awards are "typically . . . 20 to 50 percent of the fund"); and

*Rebenstock v. Fruehauf Trailer Corp.,* No. 92-77050, 1995 U.S. Dist. LEXIS 22089, at *8 (E.D. Mich. Aug. 18, 1995) (awarding attorney fee of one-third of settlement amount).

As in the cases from within the Sixth Circuit cited above, in which the courts recognized the propriety of a 28% fee, in this case, Plaintiffs' Counsel faced substantial risks while successfully ushering the Class through the many legal and procedural obstacles raised in this vigorously defended lawsuit. *See, e.g., F&M Distribs.,* 1999 U.S. Dist. LEXIS 11090, at * 10-12 (approving 30 % fee based on the excellent performance of counsel in high-risk, hotly-contested litigation). The litigation was hard fought from start to finish, and required a substantial investment of time and resources. These efforts yielded an excellent recovery for the Class. Accordingly, Class Counsel respectfully submit that the 28% percentage-of-the-fund recovery is well warranted under the circumstances.

**D.      The Requested 28 Percent Fee Award is Fair and Reasonable Under the Sixth Circuit *Bowling* Factors**

Courts in the Sixth Circuit evaluate the reasonableness of a requested fee percentage award using six factors: (1) the value of the benefit rendered to the plaintiff class; (2) the value of the services on an hourly basis; (3) whether the services were undertaken on a contingent fee basis; (4) society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others; (5) the complexity of the litigation; and (6) the professional skill and standing of counsel involved on both sides. *Bowling,* 102 F.3d at 780; *Smillie v. Park Chem. Co.,* 710 F.2d 271, 275 (6th Cir. 1983); *Kmart,* 2006 WL 1791377, at *1. Each of these factors supports the fee award here.

**1.      Factor One - The Value of the Benefit Rendered to the Plaintiff Class**

Before this lawsuit, Class members had no remedy for Defendants' alleged fiduciary breaches. Now, Counsels' efforts have resulted in a $7.6 million cash recovery for the Class.

This result was accomplished in a complex, difficult case, which was aggressively and doggedly defended, and in the face of the very real risk that the Class would fail to recover anything at all.

In assessing the value of the benefit, it makes sense to consider the likelihood of Plaintiffs' success on the merits and the recovery the Class might have obtained *if* liability had been established at trial.  As evidenced by the vigor with which they have prosecuted the action, and the amount of resources they have expended toward that end, Named Plaintiffs are optimistic about their ultimate success in this matter.  Preliminary Approval Memorandum at 6.  While Named Plaintiffs believe strongly that the evidence developed thus far supports the allegations of Defendants' fiduciary status under one or both of the Plans and their failure to protect the Plans and serve participants' best interests, Defendants, who are well-represented by qualified counsel, have a different view and have forcefully defended their actions.  *Id. at* 6-7; *see also* Sarko Decl. ¶¶ 11, 23, 25, 42.  Despite their belief that they would prevail at trial and in the inevitable and lengthy appeal process, Named Plaintiffs cannot be certain how the case would be decided once all evidence is presented, particularly in this complex and rapidly developing area of law.

Furthermore, while the amount of the proposed Settlement is fixed ($7.6 million plus interest), the amount Plaintiffs could recover if successful, discounted for risk, is not.  There is a significant risk that the dollar amount of any potential recovery could have been reduced between the date of the Settlement and the date the case would ultimately be tried to a verdict because:

- The parties vigorously dispute the appropriate measure of losses in this case, and, thus, the measure of losses ultimately accepted could have resulted in a recovery that was smaller than the recovery achieved by the Settlement–even if liability were established on all counts of Complaint.  At bottom, the case law is sparse on the

proper measure of damages in ERISA cases, which presented risks going forward in this case; and/or

- Visteon stock could increase in value or general market conditions could change and the benchmark or rate of interest ultimately adopted by the Court may bear a lower rate of interest, thus arguably decreasing the Plans' losses.

Final Approval Memorandum at 12.

Weighing the strengths of Plaintiffs' claims against the risks of litigating those claims to a verdict at trial warrants the conclusion that Class' interests are better served if the litigation is resolved–particularly by a settlement of this magnitude–rather than pursued.  Thus, the first *Bowling* factor supports the fee award sought here.

### 2.      Factor Two - The Value of the Services on an Hourly Basis

In assessing this second *Bowling* factor, courts typically consider the hours and expense incurred by counsel, and, thus, counsel's investment of time and resources in the case.  *New England Health Care Employees Pension Fund v. Fruit of the Loom, Inc.,* 234 F.R.D. 627, 634 (W.D. Ky. 2006).  Here, as the Court is aware and as the docket reflects, this case required Plaintiffs' Counsel to work hard and intensively since the litigation commenced during the spring of 2005.  During this time, Plaintiffs' Counsel received no compensation for their time and advanced all the litigation costs of the plaintiff class.  Indeed, Plaintiffs' Counsel devoted more than 3,603.73 attorney and professional hours to the successful prosecution of the case, and advanced expenses in the amount of $72,344.29 over the course of the case.  Sarko Decl. at ¶¶ 54-60.  This case was a substantial undertaking.

To assist with its evaluation of the value of the services provided by Plaintiffs' Counsel, we provide the following summary of noteworthy aspects of this litigation:

### a. Investigation, Preparation and Filing of the Consolidated Complaint

On July 6, 2005, the Court consolidated all Visteon ERISA cases into the above-captioned action and, at a July 26, 2005 status conference, appointed Keller Rohrback L.L.P., as Lead Counsel for Named Plaintiffs. Sarko Decl. ¶¶ 19, 21.  Appointed Counsel also included Schiffrin & Barroway, LLP[2] and Sprenger & Lang, PLLC as Executive Committee Counsel, and Stephen F. Wasinger PLC as Liaison Counsel.  The Named Plaintiffs negotiated production of a number of important Plan-related documents from the Defendants.  Information from review of these documents, in addition to the Plans' and the Company's relevant regulatory filings and other research, was incorporated into the Consolidated Class Action Complaint for Violation of the Employee Retirement Income Security Act (the "Consolidated Complaint"), filed on September 19, 2005.  *Id.* at ¶ 22.

### b. Litigation of Defendants' Motions to Dismiss

On November 18, 2005, the Defendants filed two separate motions to dismiss the Consolidated Complaint, arguing that Named Plaintiffs had failed to allege facts from which it could be concluded that any of the Defendants had breached their fiduciary duties by causing the Plan to invest in Company stock.  *See* The Non-Committee Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (D.I. No. 23); Defendant Committee Members' Motion to Dismiss Consolidated Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (D.I. No. 24) and exhibits and related documents.

---

[2] Schiffrin & Barroway, LLP recently changed its name to Schiffrin Barroway Topaz & Kessler, LLP.

The motions were extensively briefed.  *See, e.g.,* Plaintiffs' Opposition to Non-Committee Defendants' Motion to Dismiss (D.I. No. 34); Plaintiffs' Opposition to the Defendant Committee Members' Motion to Dismiss Consolidated Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (D.I. No. 35); Sarko Decl. ¶¶ 23-28.

### c. Class Counsel Engaged in Extensive Mediation and Settlement Negotiations

Settlement of claims this complex does not just happen.  Class Counsel carefully prepared this case to ensure that when mediation and settlement efforts were undertaken, there was a realistic possibility of success.  However, as with the other matters in this case, settlement discussions with the Defendants were nonetheless difficult and protracted.  The parties began settlement negotiations armed with a wealth of information, including experience from similar cases, the results of investigation and informal discovery, and expert analyses.  This information enabled the parties to accurately assess the relative strengths and weaknesses of their positions and the range of potential damage awards.  Preliminary Approval Memorandum at 11.  Counsel for the parties met face-to-face during April 2006 and explored in great depth the arguments presented by both sides.  While productive, no settlement was reached.  *Id.* at 12; *see also* Sarko Decl. at ¶¶ 34-36.  With this Court's approval, the parties thereafter retained Jonathan Marks, a nationally-recognized and highly experienced mediator, to preside over the formal mediation session, which occurred on May 25, 2006.  Preliminary Approval Memorandum at 12; Sarko Decl. at ¶ 37-40.

At mediation, Class Counsel made detailed presentations on the claims, evidence developed, damages, and insurance coverage issues.  After these efforts failed to produce a settlement at mediation, Class Counsel continued to explore settlement discussions with Defendants.  Finally, on September 7, 2006, an agreement in principle was reached on the

amount of the settlement and the contours of the Settlement Agreement.   Hard-fought negotiations followed regarding the specific terms of the Settlement Agreement leading ultimately to execution of the final Settlement Agreement on November 6-7, 2006.   Sarko Decl. ¶¶ 40-43.

>    **d.      Counsel's Lodestar Supports Their 28% Fee Request**

While the trend in the Sixth Circuit is to use the percentage-of-fund approach over the lodestar approach in common fund cases, it is not unusual for courts in the Sixth Circuit to check a percentage fee request against counsel's lodestar.   This enables the court to determine the amount of the "lodestar multiplier" that the percentage recovery would provide.   *See, e.g., In re Cardizem*, 218 F.R.D. at 533 (determining lodestar multiplier afforded by requested percentage fee).   It is well established that where counsel assumes the risk of non-payment, any lodestar calculation should include a "multiplier" that reflects this risk, the result achieved, the quality of representation, and the complexity and magnitude of the litigation.   *Telectronics*, 137 F. Supp. 2d at 1041 (citing Herbert Newberg and Alba Conte, Newberg on Class Actions § 12.55 (3d ed. 1992); *Rawlings*, 9 F.3d at 516).   Accordingly, courts within the Sixth Circuit routinely approve percentage-of-fund fee awards that equate to substantial multipliers.   *See, e.g., Manners v. Am. Gen. Life Ins. Co.*, No. 98-266, 1999 U.S. Dist. LEXIS 22880, at * 93 (M.D. Tenn. Aug. 11, 1999) (awarding multiplier of 3.8 and observing that "[t]his multiplier is well within the range of multipliers for similar litigations, which have ranged from 1-4 and have reached as high as 10"); *Enter. Energy Corp. v. Columbia Gas Transmission Corp.*, 137 F.R.D. 240, 250 (S.D. Ohio

1991) (finding that multiplier in "2.4-2.6 range" was "reasonable and conservative when compared to similar cases," and noting multipliers of 4 and 5 in other cases).[3]

Here, Class Counsel's raw lodestar during the nearly two-year period since this case commenced is approximately $1,473,865.50. Thus, the 28% fee requested by Class Counsel would equate to a lodestar multiplier of approximately 1.44. This is well within the range that has been approved in novel, complex class actions by courts within the Sixth Circuit and the other circuits as well. Indeed, the multiplier here is conservative given the risks taken on by Class Counsel in this complex and hotly contested case. *See, e.g., In re Cenco, Inc. Sec. Litig.*, 519 F. Supp. 322, 327 (N.D. Ill. 1981) (finding that a multiplier of 4 was appropriate in light of "high risk factors," including novelty and difficulty of the claims, uncertainty of success, contingent nature of the case and delay in payment).

In addition, Class Counsel expect to dedicate substantial additional hours in connection with obtaining final approval of the Settlement and the administration of the Settlement. Prior experience in similar ERISA class actions suggests that at a minimum an additional 200 hours of attorney time will be necessary to complete the approval and Settlement administration process. Class Counsel will not seek additional fees for this time, nor reimbursement for associated expenses. Sarko Decl. ¶ 55. Consequently, the total hours that will be expended in this case will be greater than lodestar data supplied herein, and the final multiplier will be correspondingly smaller. Hence, for the reasons detailed above, the second *Bowling* factor supports the fee award sought in this case.

---

[3] A study of such multipliers showed that for the years 2001 to 2003, covering 134 cases, the average multiplier was 4.35. Stuart J. Logan, Dr. Jack Moshman, Beverly C. Moore, Jr., *Attorney Fee Awards In Common Fund Class Actions*, 24 CLASS ACTION REP. 167, 197 (2003).

### 3.     Factor Three - Whether the Services Were Undertaken on a Contingent Fee Basis

Plaintiffs' Counsel accepted this matter on a wholly contingent basis and they have received no compensation to date.  As recognized by Judge Posner, "[t]he lawyers for the class receive no fee if the suit fails."  *In re Cont'l Ill. Sec. Litig.*, 962 F.2d 566, 569 (7th Cir. 1992).  Counsel must be properly compensated for this risk, or else "systematic undercompensation" will undermine the viability of class action litigation.  *Id.; see also Kmart*, 2006 WL 1791377, at *1-2.    Accordingly, courts uniformly hold that when recovery is contingent, a higher fee should be awarded than when counsel face no risk of non-payment.  *E.g., Blum v. Stenson*, 465 U.S. 886, 902 (1984) (Brennan, J., concurring) ("[T]he risk of not prevailing, and therefore the risk of not recovering any attorney's fees, is a proper basis on which a district court may award an upward adjustment to an otherwise compensatory fee."); *Gaskill v. Gordon*, 160 F.3d 361, 363 (7th Cir. 1998) ("Because they shift part of the risk of loss from client to lawyer, contingent-fee contracts usually yield a larger fee in a successful case than an hourly fee would."); *c.f. In re Cardizem*, 218 F.R.D. at 533 (counsel "undertook representation of the Class on a contingent fee basis, thus bearing the risk of recovery inherent in litigation, and expended millions of dollars in attorney time and expenses in their prosecution of [the] litigation over the past five years").

Here, as well, Plaintiffs' Counsel took on a complex and difficult case involving an esoteric and rapidly developing area of law, and carried the risk for two years.  Accordingly, this factor also supports the requested fee award.

4. **Factor Four - Society's Stake in Rewarding Attorneys Who Produce Such Benefits in Order to Maintain an Incentive to Others**

As discussed above, the Settlement provides valuable benefits to the Class that would not have been obtained without the efforts of Plaintiffs' Counsel efforts in this case. As the court noted in *In re F&M Distribs.*, 1999 U.S. Dist. LEXIS 11090, at *18, "[s]ociety's stake in rewarding attorneys who can produce such benefits counsels in favor of a generous fee." Moreover, "[e]ncouraging qualified counsel to bring inherently difficult and risky but beneficial class actions like this case benefits society." *In re Cardizem,* 218 F.R.D. at 534.

This is particularly true here given the importance of protecting employees' retirement savings through the vigorous enforcement of ERISA's fiduciary standards on the hand, and the tremendous investment required to undertake cases of this sort on the other. *Kmart*, 2006 WL 1791377, at *2 ("Protecting retirement funds of workers is of genuine public interest and, thus, supports a fully compensatory fee award."). Without the actions of these Named Plaintiffs and their Counsel, the Class participants would have recovered nothing. The Plan fiduciaries were not going to sue themselves and no other Plan participants had stepped forward to pursue this action. Thus, this factor counsels in favor of the fee award requested by Class Counsel in this case.

5. **Factor Five - The Complexity of the Litigation**

Several courts have noted the high degree of complexity of ERISA class actions of this type. *See, e.g., Kmart*, 2006 WL 1791377, at *3 (discussing the "highly-specialized and complex" nature of ERISA breach of fiduciary duty cases involving company stock); *In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, 228 F.R.D. 541, 565 (S.D. Tex. 2005); *In re Global Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436, 456 (S.D.N.Y. 2004) (finding that "[f]iduciary status, the scope of fiduciary responsibility, the appropriate fiduciary response to the Plans'

13

concentration in company stock and [Global Crossing's] business practices would be issues for proof, and numerous legal issues concerning fiduciary liability in connection with company stock in 401(k) plans remain unresolved."); *In re Ikon Office Solutions Sec. Litig.*, 209 F.R.D. 94, 104 (E.D. Pa. 2002) (noting the complexity and duration of litigation of similar breach of fiduciary duty claims, as well as the expense of litigation and risks of establishing liability and damages). This case as well was highly complex.

In several important respects, this case presented unique problems, including:

- **Complex and novel legal theories.** ERISA is a highly-specialized and complex area of the law, and the type of claims brought here–breaches of duty by the Plans' fiduciaries–are based on rapidly evolving legal theories. There are many aspects of the law that are still developing, and there are significant conflicts between the approaches adopted by different trial courts and appellate courts. Even United States Supreme Court jurisprudence in this area is far from clear. When this case was filed, there was a great deal of uncertainty regarding the Plaintiffs' chances of success.

- **Lack of established case values.** Only a handful of cases in the nation had addressed the question of an ERISA fiduciary's liability for imprudently holding and acquiring company stock in a 401(k) plan, and of those only one had been to trial, where defendants prevailed. *Landgraff v. Columbia/HCA Healthcare Corp. of Am.*, No. 98-90, 2000 U.S. Dist. LEXIS 21831 (M.D. Tenn. May 24, 2000). *See also Keach v. U.S. Trust Co.*, 313 F. Supp. 2d 818 (C.D. Ill. 2004) (trial court found ESOP plan participants on breach of fiduciary duty claims). There was no "track record" to guide counsel's risk evaluation, or provide any assurance that the case would result in a victory for the Class.

- **Difficulty of establishing liability and losses.** A finding of liability would require careful presentation and analysis of lengthy and detailed Plan documents, complex corporate financial and accounting matters, and sophisticated judgments about prudent investment decisions. In addition, Named Plaintiffs faced the risk that the finder of fact would accept the Defendants' damage assessments which could have resulted in a limited recovery even if liability were established.

- **Risk of an unforeseen change in the law.** ERISA jurisprudence presents an ever changing legal landscape, and there is a constant risk that the law will change before judgment. For example, in *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204 (2002), the Supreme Court reversed what had been thought for years to be settled law regarding the remedies available under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3). There was no assurance a change in the law would not have affected, and even negated, the claims in this lawsuit.

- **Vigorous defense.**  Defendants were all represented by attorneys with many years of litigation and trial experience, and had virtually unlimited resources with which to prepare and present their defenses.

- **Risk of appeal.**  Even if the Named Plaintiffs won at trial, it was virtually certain that trial would have been followed by post-trial motions as well as an appeal to the Sixth Circuit and the possibility of petition for a writ of certiorari.  Given the quickly-evolving legal and political landscape, appeal posed a significant risk.

- **Risk of delay.**  Plaintiffs filed this case in early 2005 and a trial date has not been set.  Since 2005, Plaintiffs' Counsel have advanced the costs of litigation and performed all the work necessary to protect the Class, without any interim payment or assurance of ever receiving compensation for the time and effort expended.

- **Decision tree.**  Applying a standard "decision tree" analysis to this case yields the result that the Named Plaintiffs had a possibility of losing.  Defendants asserted numerous separate, independent defenses to this suit, both factual and legal, any one of which, if successful, could have resulted in a judgment in Defendants' favor.  It is a unique feature of a plaintiff's case that the plaintiff must survive every step along the way, from a motion to dismiss to summary judgment and through trial and appeals.  A loss at any of these stages would be fatal to Plaintiffs' case, and Plaintiffs' Counsel would be left without the possibility of obtaining payment for what promised to be a significant commitment of time and expense.

Sarko Decl. ¶¶ 5-12.

The complexity and uncertainty in the law, combined with the substantial discovery efforts needed to develop the case for trial, and the vigorous defense at every stage of the case, presented complicated factual, legal and procedural issues all of which were successfully navigated by Plaintiffs' Counsel.  *See, e.g., Kogan*, 193 F.R.D. at 504 (finding that complexity factor weighed in favor of 33% fee where class action at issue was "very complex," due to various types of law that impacted case, substantial discovery required, including depositions in several different cities, extensive motions practice, and the need for numerous experts).  Thus, the fifth *Bowling* factor supports the fee award requested here.

### 6.  Factor Six - The Professional Skill and Standing of Counsel Involved on Both Sides.

As the Court is aware from its prior review of Class Counsel's qualifications on class certification, Class Counsel are highly experienced in complex ERISA and class action matters.

Keller Rohrback L.L.P. has been and continues to be a pioneer in this area of law, and has served or is serving as Lead Counsel for the classes in numerous leading ERISA breach of fiduciary class actions, including *In re WorldCom, Inc. ERISA Litigation, In re Enron Corp. Securities and ERISA Litigation, In re Global Crossing, Ltd. ERISA Litigation, In re HealthSouth ERISA Litigation, In re Household ERISA Litigation, Reinhart v. Lucent Technologies Inc., In re Williams Co. ERISA Litigation,* as well as *In re CMS Energy ERISA Litigation*, *In re Delphi ERISA Litigation* and *Nowak v. Ford Motor Company*, all three of which are pending in the Eastern District of Michigan.  As testament to their skill and experience in this area of law, Keller Rohrback attorneys frequently are asked to present at national ERISA seminars, including those organized by the American Bar Association, Glassers, and various insurance organizations. The firm also brought to this case its skill and resources in electronic document and financial and accounting forensic analysis.  Sarko Decl. ¶ 16.

Class Counsel demonstrated a high degree of skill and diligence in the preparation of this class action.  This case presented many risks, noted above, and despite these challenges, Class Counsel achieved an excellent result.  In addition, Class Counsel worked efficiently as a team to manage and conduct the litigation.  *Id.* ¶ 17.  These efforts, together with those described above, *infra* II.D.2, demonstrate the skill and effectiveness of Class Counsel in this case.

Executive Committee Counsel Schiffrin Barroway Topaz & Kessler, LLP and Sprenger & Lang, PLLC, and Liaison Counsel Stephen F. Wasinger also are experienced in ERISA and employment class actions and contributed greatly to the successful results achieved.  Plaintiffs' Counsel provided the Court with extensive briefing regarding their experience and qualifications in connection with their leadership motions.

Furthermore, this case was ably and vigorously defended by lawyers from several well known, high quality defense firms, including counsel who are themselves highly experienced ERISA litigators.  Defense counsel conceded nothing in this case, requiring Class Counsel to make their case at every point.  It is no exaggeration that the successful prosecution of this case required a high degree of skill and dedication to bring the case to a successful close for the Class.  Thus, this final *Bowling* factor as well supports the fee award requested by Class Counsel in this case.

### III.  REQUEST FOR REIMBURSEMENT OF EXPENSES

It is well established in the Sixth Circuit that "[e]xpense awards are customary when litigants have created a common settlement fund for the benefit of a class."  *In re F&M Distribs.,* 1999 U.S. Dist. LEXIS 11090, at *20.  "Under the common fund doctrine, class counsel is entitled to reimbursement of all reasonable out-of-pocket litigation expenses and costs in the prosecution of claims and in obtaining settlement, including expenses incurred in connection with document productions, consulting with experts and consultants, travel and other litigation-related expenses."  *In re Cardizem.* 218 F.R.D. at 535; *and see, e.g.,* 1 Alba Conte*, Attorney Fee Award* § 2.19 (2d ed. 1993) (noting "[t]he equitable principle that all reasonable expenses incurred in the creation of a fund for the benefit of a class are reimbursable proportionately by those who accept benefits from the fund authorizes reimbursement of full reasonable litigation expenses as costs of the suit.") (citing *Trustees v. Greenough*, 105 U.S. 527 (1882)).

Here, Plaintiffs' Counsel have advanced or incurred more than $72,344.29 in expenses to date.[4]  *See* Sarko Decl. ¶ 60. Because these expenses were advanced with no guarantee of

---

[4]   This figure excludes the expenses incurred on the issuance of Class Notice, as, per the Preliminary Approval Order, the Court has authorized the payment of such expenses from the Settlement Fund.  Sarko Decl. ¶ 61.

recovery, Class Counsel had a strong incentive to keep them to a reasonable level and did so, including, for example, by monitoring expenses on a monthly basis and acting accordingly to minimize necessary expenses.  In light of the nature of this complex litigation, the expenses incurred by Plaintiffs' Counsel were both reasonable and reasonably related to the interests of the Named Plaintiffs and the Class.   Hence, Plaintiffs' Counsel respectfully request full reimbursement of their out-of-pocket expenses in this case.

## IV.  REQUEST FOR CLASS REPRESENTATIVE COMPENSATION

At the conclusion of a successful class action case, it is common for courts, exercising their discretion, to award special compensation or incentive awards to the class representatives in recognition of the time and effort they have invested for the benefit of the class.  *See, e.g.,* *Thornton v. East Tex. Motor Freight*, 497 F.2d 416, 420 (6th Cir. 1974).

Such awards to class representatives generally are paid out of the common fund recovery, and vary in amount depending upon the circumstances.  *Kmart*, 2006 WL 1791377, at *3 (awarding $10,000 to class representative);  *CMS*, 2006 U.S. Dist. LEXIS 55836, at *11 (awarding $15,000 to each class representative); *Brotherton v. Cleveland*, 141 F. Supp. 2d 907, 913 (D. Ohio 2001) (awarding $50,000 incentive award to class representative); *Enter. Energy Corp.,* 137 F.R.D. at 250-51 (awarding $50,000 to each class representative); *In re Dun & Bradstreet Credit Servs. Customer Litig.,* 130 F.R.D. 366, 373-74 (S.D. Ohio 1990) (awarding two class representatives $55,000 each and three class representatives $35,000 each); *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998) (approving $25,000 class representative award); *In re HealthSouth Corp. ERISA Litig.*, No. 03-1700, 2006 U.S. Dist. LEXIS 50196, at *22 (N.D. Ala. June 28, 2006) (awarding $5,000 to each named plaintiff); *Berger v. Xerox Corp. Ret. Income Guar. Plan*, No. 00-584, 2004 U.S. Dist. LEXIS 1819, at *7 (S.D. Ill. Jan. 22, 2004)

(awarding $20,000 to each named plaintiff); *Dornberger v. Metro. Life Ins. Co.*, 203 F.R.D. 118, 125 (S.D.N.Y. 2001) (reviewing case law supporting awards from $2,500 to $85,000); *In re Cardizem*, 218 F.R.D. at 535 (providing incentive awards to named plaintiffs in amounts between $2,500 and $75,000 each, and noting that in total the awards amounted to less than .002% of the settlement fund).

Here, Class Representatives David Maran and Onie Moore actively participated in the development of the theories in this case, providing documents and consulting with their Counsel throughout the litigation, including during settlement negotiations. *See* Sarko Decl. ¶ 63. Their initiative, time and effort were essential to the successful prosecution of the case, and resulted in a significant recovery for the Class. Moreover, their willingness to step forward and endure the litigation process should be appropriately rewarded. Accordingly, Class Counsel ask that the two Class Representatives each be recognized with an incentive award of $5,000. This award is within the range typically awarded under similar circumstances, and represents a fair and reasonable amount in light of the benefit that the Class Representative helped achieve for the Class.

## V.  CONCLUSION

The requested attorneys' fees will reasonably compensate Plaintiffs' Counsel for the risks they took on, and the time and resources they committed over nearly two years in order to obtain the excellent result achieved in this case. Thus, Class Counsel respectfully request that the Court award (1) attorneys' fees in the amount of 28% of the cash Settlement Fund recovered for the benefit of the Class; (2) reimbursement of $72,344.29 in expenses advanced by Plaintiffs' Counsel as reasonable and necessary expenses of litigation; and (3) Class Representative

incentive awards of $5,000 each to David Maran and Onie Moore in recognition of the time and

effort they invested for the benefit of the Class.

 Respectfully submitted this 27th day of February, 2007.

     KELLER ROHRBACK L.L.P.


     By:  s/ Lynn Lincoln Sarko   
     Lynn Lincoln Sarko
     Elizabeth A. Leland
     Erin M. Riley
     1201 Third Avenue, Suite 3200
     Seattle, WA 98101-3052
     (206) 623-1900
     lsarko@kellerrohrback.com
     bleland@kellerrohrback.com
     eriley@kellerrohrback.com

     **Lead Counsel for Plaintiffs**

     Joseph Meltzer
     Gerald D. Wells, III
     SCHIFFRIN BARROWAY TOPAZ
      & KESSLER, LLP
     280 King of Prussia Road
     Radnor, PA  19087
     (610) 667-7706
     jmeltzer@sbtklaw.com
     gwells@sbtklaw.com

     Michael Lieder
     Mark Amadeo
     SPRENGER & LANG, PLLC
     1400 Eye Street,  N.W. Suite 500
     Washington, DC 20005
     (202) 265-8010
     mlieder@sprengerlang.com
     mamadeo@sprengerlang.com

     **Plaintiffs' Executive Committee Counsel**

Stephen Wasinger
STEPHEN F. WASINGER PLC
32121 Woodward Avenue, Suite 300
Royal Oak, Michigan 48073
(248) 544-6306
sfw@sfwlaw.com
Michigan Bar No. (P-25963)

**Plaintiffs' Liaison Counsel**