UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |
|---|---|
| IN RE VISTEON CORP. ERISA LITIGATION | Case No. 05-71205<br>Judge Avern Cohn |

# ORDER AND FINAL JUDGMENT[1]

This is a case under the Employment Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et seq., claiming breach of fiduciary duty. On September 19, 2005, plaintiffs filed a Consolidated Complaint, running seventy-eight (78) pages and 242 paragraphs and containing detailed allegations of defendants' fiduciary status and alleged wrongdoing.

After many months of negotiation, the parties reached a settlement in the amount of $7,600,000.00 plus interest and less attorneys' fees and other expenses. Before the Court are several motions, pertaining to final approval, plan allocation, and attorneys fess and expenses, as will be described.

   (A)   The motions before the Court are: (1) Named Plaintiffs' Motion for Final Approval of ERISA Class Action Settlement ("Final Approval Motion"); (2) Named Plaintiffs' Motion and Memorandum for Approval of Plan of Allocation ("Plan of Allocation Motion"); and (3) Class Counsel's Motion for Award of Attorneys' Fees, Reimbursement of Expenses, and Award of Compensation to Class Representatives ("Compensation Motion") (collectively, the "Motions");

   (B)   The Court entered on December 12, 2006, its Findings and Order Preliminarily Certifying Settlement Class, Granting Preliminary Settlement Approval, Approving Form and

---

[1] Capitalized terms not otherwise defined in this Order shall have the same meaning as ascribed to them in the Class Action Settlement Agreement dated November 7, 2006.

Method of Notice, and Setting a Date and Time for Fairness Hearing on Final Approval ("Preliminary Approval Order");

  (C) The Court has received declarations attesting to the mailing of the Notice of Class Action Settlement and the publication of the Court-Ordered Legal Notice (Summary) and the Compensation Motion in accordance with the Preliminary Approval Order; and the Court having been advised that Professor St. Antoine, the Independent Fiduciary retained by the Company to approve the Settlement on behalf of the Plans, has given his approval to the Settlement; and

  (D) A hearing was held on March 9, 2007 (the "Final Approval Hearing") (i) to determine whether to grant the Final Approval Motion; (ii) to determine whether to grant the Plan of Allocation Motion; (iii) to determine whether to grant the Compensation Motion; and (iv) to rule upon such other matters as the Court might deem appropriate,

  (E) The Court listened to Plaintiffs' Counsel's presentation at the Final Approval Hearing in supplement of its papers.

  Based on all of the above, IT IS ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

  1. The Court has jurisdiction over the subject matter of this action, all members of the Settlement Class, and all Defendants pursuant to 29 U.S.C. § 1132(e).

  2. In accordance with Federal Rule of Civil Procedure 23 and the requirements of due process, the Settlement Class has been given proper and adequate notice of: the Settlement Agreement, the Fairness Hearing, the Compensation Motion; and the Plan of Allocation Motion, such notice having been carried out in accordance with the Preliminary Approval Order. The notice, summary notice and notice methodology implemented pursuant to the Settlement Agreement and the Court's Preliminary Approval Order (a) constituted the best practicable notice; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the litigation, their right to object to the Settlement, and their right to appear at the Fairness Hearing; (c) were reasonable and constituted

due, adequate and sufficient notice to all persons entitled to notice; and (d) met all applicable requirements of the Federal Rules of Civil Procedure, and any other applicable law.

3. The Settlement Agreement in this action warrants final approval pursuant to Federal Rule of Civil Procedure 23(e)(1)(A) and (C) because it is fair, adequate, and reasonable to those it affects and in the public interest based upon (a) the likelihood of success on the merits weighed against the amount and form of relief offered in the Settlement; (b) the risks, expense, and delay of further litigation; (c) the judgment of experienced counsel who have competently evaluated the strength of their proofs; (d) the amount of discovery completed and the character of the evidence uncovered; (e) the fairness of the Settlement to the unnamed class members; (f) the lack of objections raised by class members and the independent fiduciary identified in the Settlement Agreement; (g) the fact that the Settlement is the product of arm's length negotiations as opposed to collusive bargaining; and (h) the fact that this Settlement is consistent with the public interest.

4. The Final Approval Motion is GRANTED, and the Settlement hereby is APPROVED as fair, reasonable, adequate, and in the public interest and the terms of the Settlement are hereby determined to be fair, reasonable and adequate, for the exclusive benefit of participants and beneficiaries of the Plans in compliance with ERISA. The Parties are directed to consummate the Settlement in accordance with the terms of the Settlement Agreement.

5. The Plan of Allocation is hereby APPROVED as fair, adequate, and reasonable. Lead Counsel shall direct the Financial Institution, as that term is defined in the Settlement Agreement, to disburse the Net Proceeds to the Master Trust for the Plans for distribution by the Plans' trustee in accordance with the Plan of Allocation. Upon this Order becoming Final, the Financial Institution is hereby directed to disburse the Net Proceeds to the Master Trust, subject to any amounts withheld by Lead Counsel for the payment of taxes and related expenses as authorized in the Settlement Agreement.

6. The Defendants shall direct the Plans' trustee to distribute the Net Proceeds

received by the Master Trust for the Plans in accordance with the Plan of Allocation.  Pursuant to the terms of the Settlement Agreement, Lead Counsel are expressly authorized to pay the costs of implementing the Plan of Allocation from the Settlement Fund without the necessity of obtaining further order of the Court, notwithstanding that this Order has not yet become Final as that term is defined in the Settlement Agreement.

7.      Based on the work performed by Plaintiffs' Counsel and the results achieved, the Compensation Motion is GRANTED.  Based on a review of the record, and the evidence presented in support of the Compensation Motion, including, but not limited to, the declaration of Class Counsel, the Court finds that Plaintiffs' Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Settlement Agreement.  The Settlement was negotiated at arm's length by experienced counsel who were fully informed of the facts and circumstances, and strengths and weaknesses of their respective positions.  The Settlement was not reached until after the parties had engaged in extensive negotiations directly and with the assistance of professional mediators.  Plaintiffs' Counsel and counsel for Defendants, thus, were well-positioned to evaluate the benefits of the Settlement, taking into account the expense, risk, and uncertainty of protracted litigation over numerous questions of fact and law.

8.      Plaintiffs' Counsel's requested fee award of 28% is reasonable when evaluated in light of (a) the value of the benefit rendered to the Plaintiff Class; (b) the value of the services on an hourly basis; (c) the fact that the services were undertaken on a contingent fee basis; (d) society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others; (e) the complexity of the litigation; and (f) the professional skill and standing of counsel involved on both sides.

9.      Accordingly, Plaintiffs' Counsel are awarded attorneys' fees in the amount of 28% of the cash Settlement Fund ($7,600,000.00, plus interest earned on the Settlement Fund), which the Court finds to be reasonable under the circumstances of this case.  Plaintiffs' Counsel are further awarded the sum of $72,344.29 as reimbursement of costs and expenses, which the

Court finds were reasonably incurred for the benefit of the Class in prosecuting the Class's claims and in obtaining the Settlement, including expenses incurred in connection with experts and consultants, travel and other litigation-related expenses. The awards of attorneys' fees, costs and expenses shall be allocated among Plaintiffs' Counsel as such counsel mutually agree for their respective contributions in the prosecution of the Action.

10. Plaintiffs' Counsel's request for Class Representative Compensation in the amount of $5,000.00 each is fair and reasonable in light of the Class Representatives' substantial contribution to the litigation on behalf of the Class, including providing information to Plaintiffs' Counsel, reviewing and approving pleadings, assisting with discovery, preparing for and attending their depositions, and participating in settlement discussions. Accordingly, the Named Plaintiffs/Class Representatives, David T. Maran and Onie Moore are awarded $5,000.00 each, payable from the Settlement Fund.

11. Jurisdiction is retained over this Action and the Parties, the Plans, and the Settlement Class Members for all matters relating to the Action, including (without limitation) the administration, interpretation, effectuation or enforcement of the Settlement Agreement and this Order And Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the Settlement proceeds to the members of the Settlement Class.

12. Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

13. As provided in the Settlement Agreement, the following Definitions are hereby adopted for purposes of this Order And Final Judgment:

    a. "Affiliate" shall mean: any entity which owns or controls, is owned or controlled by, or is under common ownership or control with, a Person. For purposes of this definition, "control" shall mean the possession, directly or indirectly, of the power to direct or cause the direction of the management and policies of such Person, whether

through the ownership of voting securities or otherwise.

b.  "Company" shall mean:  Visteon Corporation, a Delaware corporation, each of its Affiliates, and each of its predecessors and Successors-In-Interest.

c.  "Defendants" shall mean:  the Company, and the following *Person*s named as defendants in the Complaint: Peter J. Pestillo, Michael F. Johnston, Marla C. Gottschalk, William H. Gray, III, Steven K. Hamp, Kathleen J. Hempel, Patricia L. Higgins, Robert H. Jenkins, Karl J. Krapek, Charles L. Schaffer, Thomas T. Stallkamp, Robert M. Teeter, James D. Thornton, Kenneth B. Woodrow, Robert H. Marcin, David Doster, David Peace, John F. Kill, Peter Look, Barbara Quilty, Derek Fiebig, Mary Winston, John Cavanaugh, Darren Wells, Daniel R. Coulson, and Anjan Chatterjee.

d.  "Final" shall mean:  that the period for any appeals, petitions, motions for reconsideration, rehearing or certiorari or any other proceedings for review ("Review Proceeding") has expired without the initiation of a Review Proceeding, or, if a Review Proceeding has been timely initiated, that there has occurred a full and final disposition of any such Review Proceeding without a reversal or modification, including the exhaustion of proceedings in any remand and/or subsequent appeal after remand.  Notwithstanding any other provision, the Order and Final Judgment shall be deemed Final without regard to whether (i) the Court has entered an order regarding the Plan of Allocation or the award of legal fees and expenses; (ii) any order referred to in (i) above, if entered, has become Final; or (iii) any order referred to in (i) is reversed or modified on appeal.

e.  "Person" shall mean:  an individual, partnership, corporation, governmental entity or any other form of entity or organization.

f.  "Successors-In-Interest" shall mean:  a Person's estate, legal representatives, heirs, successors or assigns, including successors or assigns that result from corporate mergers or other structural changes.

14. Released Claims.  Except as specifically set forth in paragraph 18 below, Named

Plaintiffs, on behalf of themselves, the Plans, and the Settlement Class, fully, finally, and forever release, relinquish, and discharge all of the Defendants and any person or entity that at any time served as a named or functional fiduciary or a trustee of the Plans as well as any representative of any Defendants or any such person or entity, including but not limited to their attorneys, agents, directors, officers, and employees, and the Insurer (the "Released Parties") from, and are forever enjoined from prosecution of all of the Released Parties for, any and all actual or potential claims, actions, causes of action, demands, obligations, liabilities, attorneys' fees, and costs whether arising under local, state, or federal law, whether by statute, contract, common law, or equity, whether brought in an individual, representative, or any other capacity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated that have been, could have been, or could be brought (a) by the Named Plaintiffs; (b) by or on behalf of the Plans; and/or (c) by any member of the Settlement Class, and arise out of or are related in any way to the acts, omissions, facts, matters, transactions, or occurrences that have been alleged or referred to in the Action, including but not limited to, claims based on:  (a) breach of ERISA fiduciary duties to the Plans, to Named Plaintiffs, to the Settlement Class, and to the other participants and beneficiaries of the Plans in connection with the acquisition and direct or indirect holding of Visteon stock and/or Visteon Stock Fund(s) by the Plans or the Plans' participants; (b) failure to provide complete and accurate information to the Plans' fiduciaries or the Plans' participants and beneficiaries regarding Visteon or Visteon stock; (c) failure to appoint, remove and/or adequately monitor the Plans' fiduciaries; (d) violation of ERISA duties related to the acquisition, disposition, or retention of Visteon stock by the Plans; claims that would be barred by principles of res judicata had the claims asserted in the Action been fully litigated and resulted in a final judgment or order; and claims that pertain to any conduct related to the direction to calculate, the calculation of, and/or the allocation of the Settlement Fund to the Plans or any participant or beneficiary of the Plans pursuant to the Plan of Allocation (collectively, "Released Claims").

In connection with such waiver and relinquishment, Plaintiffs shall acknowledge that they are aware that they have or may hereafter discover claims presently unknown or unsuspected, or facts in addition to or different from those which now are known or believed to be true, with respect to the matters set forth in the Action. Nevertheless, it shall be the intention of Plaintiffs, through the Settlement Agreement, and with the advice of counsel, to fully, finally and forever to settle and release all such matters. In furtherance of such intention, the releases herein given by Plaintiffs shall be and remain in effect as full and complete releases of the matters set forth in the Action, notwithstanding the discovery or existence of any such additional or different claims or facts relative hereto.

15. <u>Releases of Named Plaintiffs, the Settlement Class and Plaintiffs' Counsel</u>. Subject to Paragraph 18 below, the Defendants fully, finally, and forever release, relinquish, and discharge, and are forever enjoined from prosecution of Named Plaintiffs, the Plans and the Settlement Class from any and all actual or potential claims, actions, causes of action, demands, obligations, liabilities, attorneys' fees, or costs, whether arising under local, state, or federal law, whether by statute, contract, common law, or equity, whether brought in an individual, representative, or any other capacity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated that have been, could have been, or could be brought by the Defendants and arise out of or are related in any way to the acts, omissions, facts, matters, transactions, or occurrences that have been alleged or referred to in the Action, or the method and manner of the distribution of the Settlement Fund and the Plan of Allocation.

16. <u>Reciprocal Releases among the Defendants</u>. Each Defendant releases and forever discharges each and every other Person who is a Defendant from any and all claims relating to the Released Claims, including any and all claims for contribution or indemnification for such claims.

17. <u>Scope of Releases</u>. The releases set forth in Paragraphs 14-16 of this Order and

Final Judgment (the "Releases") are not intended to include the release of any rights or duties arising out of the Settlement Agreement, including the express warranties and covenants in this Settlement Agreement.

The Releases granted shall be effective as a bar to any and all currently unsuspected, unknown, or partially known claims within the scope of their express terms and provisions. Accordingly, Named Plaintiffs hereby expressly waive, on their own behalf and on behalf of all members of the Settlement Class and on behalf of the Plans, and the Defendants hereby expressly waive, any and all rights and benefits respectively conferred upon them by the provisions of Section 1542 of the California Civil Code and all similar provisions of the statutory or common laws of any other State, Territory, or other jurisdiction. Section 1542 reads in pertinent part:

> "A general release does not extend to claims that the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

Named Plaintiffs, on their own behalf and on behalf of all members of the Settlement Class and on behalf of the Plans, and the Defendants each hereby acknowledge that the foregoing waiver of the provisions of Section 1542 of the California Civil Code and all similar provisions of the statutory or common law of any other State, Territory, or other jurisdiction was separately bargained for and that neither Named Plaintiffs, on the one hand, nor the Defendants, on the other, would enter into this Settlement Agreement unless it included a broad release of unknown claims. Named Plaintiffs, on their own behalf and on behalf of all members of the Settlement Class and on behalf of the Plans, and the Defendants each expressly agree that all release provisions in this Settlement Agreement shall be given full force and effect in accordance with each and all of their express terms and provisions, including those terms and provisions relating to unknown, unsuspected, and future claims, demands, and causes of action.

Named Plaintiffs assume for themselves, and on behalf of the Settlement Class and on behalf of the Plans, and the Defendants assume for themselves, the risk of his, her or its respective subsequent discovery of understanding of any matter, fact, or law, that if now known or understood, would in any respect have affected his, her, or its entering into this Settlement Agreement.

18.     Persons and Claims Not Released.  Notwithstanding the foregoing releases, nothing in the Settlement Agreement shall release, bar, waive, or otherwise affect any claim that has been asserted, directly or derivatively, by any Named Plaintiff, any member of the Settlement Class, the Plans, or any of the Defendants under the federal securities laws in the federal securities litigation, Ley *v. Visteon Corp., PricewaterhouseCoopers, LLP, Peter Pestillo, Michael Johnston, Daniel R. Coulson and James Palmer*, C.A. No. 05-CV-70737, in the United States District Court for the Eastern District of Michigan, or the derivative litigation, *Pribanic v. Pestillo*, Wayne County (Michigan) Circuit Court, No. 05-506341-CK (collectively, "Securities/Derivative Actions"), or any defenses thereto; provided, however, that this Paragraph shall not be construed to permit any Named Plaintiff, any member of the Settlement Class, or the Plans to recover more than one hundred percent of his, her, its or their losses, under both the securities and ERISA claims.  The Parties agree that the question of the extent, if any, to which the Settlement Fund (or any portion thereof allocated to each member of the Settlement Class pursuant to the Plan of Allocation) constitutes a reduction in the amount of any claim asserted by or on behalf of any person in the Securities/Derivative Actions, is to be determined in the Securities/Derivative Actions, and the Parties reserve all rights with respect to positions they may take on that question in such actions.  The settlement and dismissal of the Action shall not release, bar or waive any ERISA section 502(a)(1)(B) claim for vested benefits by any Plan participant or beneficiary where such claims are unrelated to any matter asserted in this Action.

19.     Upon this Order And Final Judgment becoming Final, all counts asserted in the Consolidated Class Action Complaint for Violations of the Employee Retirement Income

Security Act are DISMISSED WITH PREJUDICE without further order of the Court pursuant to the terms of the Settlement.  In addition, the Named Plaintiffs and the Settlement Class and the Plans shall be deemed to have, and by operation of this Order And Final Judgment shall have, fully, finally, and forever released and are forever barred from the prosecution of, any and all Released Claims.  In the event that the Settlement Agreement is terminated in accordance with its terms, however:  (a) this Judgment shall be null and void and shall be vacated nunc pro tunc, and (b) this action shall proceed as provided in the Settlement Agreement.

20. There is no just reason for delay in the entry of this Order And Final Judgment and immediate entry by the Clerk of the Court is expressly directed.


Dated:  March 09, 2007                                           s/Avern Cohn
                                                                 Avern Cohn
                                                                 United States District Judge

I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, March 09, 2007March 9, 2007, by electronic and/or ordinary mail.

                                                                  s/Julie Owens
                                                                 Case Manager, (313) 234-5160